## LA FARGE et al. v. BROWN et al.

(Supreme Court, Appellate Division, Second Department.    June 7, 1898.)

WILLS—TRUST—VALIDITY—SUSPENSION OF POWER OF ALIENATION.

A testatrix devised and bequeathed real and personal property to her executors, in trust, to pay two-thirds of the rents, income, and profits to her sister, and one-third to her mother; "and, in the event of my sister's death before my mother, her share shall be paid to my mother; and, in the event of my mother's death, her share of said income, rents, and profits shall be paid to my aunt; * * * upon the death of both my mother and my aunt aforesaid, said one-third shall be paid to my sister; the intention of this will is that each and all of said estates to be for and during the life of the persons named in this clause." And the will further provided that, upon the death of the last survivor, the executors should distribute the property. The three beneficaries of the trust all survived the testatrix. *Held*, in an action for construction of the will, that, as the proposed scheme contemplated that the entire property should remain in the trustees' hands during three lives, the entire trust and the bequests limited thereon were invalid.

Appeal from special term, Richmond county.

Action by Georgiana P. La Farge, executrix of Elizabeth B. Caldwell, deceased, and John S. Davenport, executor, against Joanna C. Brown, the S. R. Smith Infirmary, the Children's Aid Society, and others. From the judgment construing the will of said deceased, the S. R. Smith Infirmary and the Children's Aid Society appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

S. F. Rawson, for appellant S. R. Smith Infirmary.

H. Linsly Johnson, for appellant Children's Aid Soc.

Aaron C. Thayer, for respondents Joanna C. Brown and William N. Browne.

Hanford S. Weed, for respondent Albert G. Browne.

Edward C. Boardman, for respondent Charles A. Browne.

WILLARD BARTLETT, J.    This suit presents for judicial construction the eighth and ninth numbered paragraphs of the will of Elizabeth B. Caldwell, an inhabitant of Richmond county, who died there on the 29th day of December, 1896.    The first seven numbered paragraphs of the will contain directions and bequests which are not material to this controversy.    The eighth paragraph is in these words:

"Eighth. All the rest, residue, and remainder of my estate, real and personal, I bequeath unto my executors, in trust, to pay the rents, incomes, and profits thereof unto my sister, Georgiana P. La Farge, and my mother, Joanna C. Brown, in the proportion of two-thirds of said income, rents, and profits to my said sister, and one-third of same to my mother, for and during their lives; and, in the event of my sister's death before my mother,

her share shall be paid to my mother; and, in the event of my mother's death, her share of said income, rents, and profits shall be paid to my aunt, Fanny Nichols; upon the death of both my mother and my aunt aforesaid, said one-third shall be paid to my sister; the intention of this will is that each and all of said estates to be for and during the life of the persons named in this clause, anything to the contrary herein contained notwithstanding."

At the conclusion of the eighth paragraph, the will continues:

"Ninth. Upon the death of the last survivor to the estate above created in the last preceding clause of this will, I direct my executors, or their survivor and successors, shall dispose of the estate as follows, to wit."

And then follow seven specific bequests to various charitable organizations, incorporated and unincorporated, including a gift to each of the appellants, the S. R. Smith Infirmary and the Children's Aid Society. Her sister, Georgiana P. La Farge, her mother, Joanna C. Brown, and her aunt, Fanny Nichols, the three beneficiaries named in the eighth paragraph, all survived the testatrix.

The learned judge at special term held that the trust sought to be created by the eighth paragraph could not be sustained, because by its terms it is to continue for three lives in being at the death of the testatrix, and that the gifts which she attempted to make in the ninth paragraph must also fail, because no one of them is to take effect until the three persons named as beneficiaries in the eighth paragraph shall all be dead. He also decided that it was impossible to separate any valid trust from the invalid provisions of the eighth paragraph.

I think it is tolerably clear that his conclusions were in all respects correct. Analyzing the language of the eighth clause of the will, we find that it deals, first, with two-thirds of the income of the residuary estate of the testatrix. Two-thirds of the income are to go to the sister of the testatrix for life, and then to the mother of the testatrix for life; so that only these two persons are mentioned as the beneficiaries who are to receive this part of the income. On the other hand, one-third of the income is to be paid by the executors under the trust—First, to the mother of the testatrix for life; secondly, to the aunt of the testatrix for her life; and in the third place, to the sister for her life. That the gift of this one-third of the income constitutes an illegal suspension of the absolute power of alienation of the real estate of the testatrix beyond the continuance of two lives in being at the time of her death cannot be doubted. It also, if carried into effect, would work an illegal suspension of the absolute ownership of the personal property of the decedent.

As against the manifest invalidity of this portion of the will, the appellants invoke the operation of section 33 of the real property law:

"Where a remainder shall be limited on more than two successive estates for life, all the life estates subsequent to those of the two persons first entitled thereto shall be void, and on the death of those persons, the remainder shall take effect, in the same manner as if no other life estates had been created." Laws 1896, c. 547.

This section is a re-enactment, in substance, of a similar provision in the Revised Statutes (1 Rev. St. pp. 723, 724, § 17). The rule which it embodies, however, has never been applied, so far as

we are aware, to the case of a trust. Its application has been confined to life estates in which the legal title to the property is in the life tenant. Amory v. Lord, 9 N. Y. 403; Woodruff v. Cook, 61 N. Y. 638.

While it is plain, therefore, that the trust must fail so far as the gift of one-third of the income, successively, to the mother, aunt, and sister are concerned, we are urged to separate from the rest of the trust the gift of two-thirds of the income for the lives of the sister and mother. This, of course, we ought to do, if the result can be accomplished consistently with the intent of the testatrix as manifested by the language of her will. There is a difficulty, however, which seems to me impossible to overcome, in the way of effecting the desired separation. The testatrix has not directed the division of her residuary estate into two parts, and that the income of one of those parts shall go in one direction and the income of the other part in another. She evidently contemplated that her residuary estate should be kept together as a whole, and that the income derived from it as a whole, reckoned in thirds, should be paid, two-thirds of it to one set of beneficiaries, and one-third of it to another set. Upon the theory of two separate trusts, the first trust gives two-thirds of the income to the sister during her life, and then to the mother during her life, and the remainder to the institutions named in the ninth paragraph of the will; while the second trust gives one-third of the income to the mother for her life, then to the aunt for her life, and finally to the sister for her life, with a similar remainder over to the institutions. Regarding them as separate trusts, the remainder in case of the first trust, it is said, should go to the institutions upon the death of the sister and mother. But what remainder? According to this theory, the aunt under the second trust would still be entitled to one-third of the income of the whole estate; and this could not be ascertained unless all the property constituting the principal from which the income was derived remained under the control of the trustees until the aunt's life was terminated. Such must have been the result contemplated by the testatrix, but, unfortunately, it is a result which the law forbids. It was plainly her purpose to provide, not only for her mother and sister, but for her aunt; and we shall have to disregard this purpose in order to maintain the validity of any part of the trust in question.

I think the judgment should be affirmed. All concur.

Judgment affirmed, with one bill of costs and the disbursements of all the respondents.