to revoke the letters of the executrix and are not allowable, on the principles already stated, and that some of the others are of doubtful propriety. The exception to this item is sustained, and further evidence and hearing can be taken and had before me.

All other exceptions to the referee's report are overruled. The further hearing before me may be noticed for July 5th, at 10:30 a. m.

Decreed accordingly.

---

(51 Misc. Rep. 263.)

### In re HURLBUT'S ESTATE.

#### (Surrogate's Court, New York County. June, 1906.)

**1. PERPETUITIES—SUSPENSION OF POWER OF ALIENATION—WILLS—CONSTRUCTION.**

A will devising to a husband the legal estate for life, with a trust for the lives of two sons and an ultimate remainder to the grandchildren living at the death of the sons, does not unlawfully suspend the power of alienation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, §§ 45–56.]

**2. SAME—CREATION OF FUTURE CONTINGENT ESTATES.**

A will creating a trust for the lives of two sons of testatrix limited upon a life estate to her husband, with an ultimate remainder to her grandchildren living at the death of her sons, is not in violation of 1 Rev. St. (1st Ed.) p. 723, pt. 2, c. 1, tit. 2, § 17, limiting successive life estates to two persons in being.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, §§ 35, 36.]

**3. COURTS—RULES OF DECISION—LAW OF CASE—DECREE OF SURROGATE.**

The decree of a surrogate is not conclusive on the parties in establishing a rule of law which will control in the later administration of the estate, but, if not appealed from, is a complete protection to the accounting executor or trustee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 340.]

**4. TRUSTS—EXECUTION BY TRUSTEE—PAYMENT FROM CAPITAL OF EXPENSES CHARGEABLE TO INCOME—REIMBURSEMENT FROM SUBSEQUENT INCOME.**

Where certain taxes and other expenses were paid from the capital, which should have been paid out of the income, but for which the income on hand was insufficient, the disbursements should be made good out of subsequent income.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 390–400.]

In the matter of the estate of Susan R. Hurlbut. Proceedings for judicial settlement of the account of executors and trustees. Referee's report reversed, and matter set for further hearing.

Peabody, Baker & Peabody, for trustees.
Howard Payson Wilds, for objector.
Parsons, Closson & McIlvanie, for objectors.
John T. Fenlon, for referee.
Charles D. O'Connell, special guardian.

THOMAS, S. The legal estate for his life, devised to the husband of the testatrix by the third clause of her will, did not suspend the power of alienation for any period or for any purpose. So long as

the husband lived he could convey his life estate to whomsoever he chose, and the only difficulty in conveying the entire fee arose from the provisions in the fourth clause of the will, which created a trust in the remainder, after the husband's life estate, the continuance of which was measured by the lives of her two sons, with an ultimate remainder to the grandchildren of the testatrix who should be living at the death of both of the sons. This trust suspended the power of alienation, for while it continued the estate included in the trust provision, and the proceeds of such estate, if sold under the power, was barred by the trust, and the persons ultimately entitled thereto could not be ascertained until the two sons were both dead. But this suspension was not in any degree caused by the legal life estate to the husband, and could not, under any circumstances whatever, exist beyond the lives of the two sons. For, if at the end of their lives the husband was already dead, the entire property would at their death be released from the suspension. And if, on the other hand, at the end of their lives the husband were still living, then the ultimate remainder would vest absolutely in the grandchildren of the testatrix living at that time, and they and the husband would, among them, hold the entire fee with power to convey absolutely. Thus, whether the husband did or did not survive the two sons, still at their death all parts of the absolute fee would certainly vest somewhere. For this reason the trust created by the fourth clause of the will is not void as offending against the statute concerning unlawful suspensions of the power of alienation. Bailey v. Bailey, 97 N. Y. 460.

It is also contended that the will offends the statute as to successive life estates. This statute is as follows:

"Successive estates for life shall not be limited, except to persons in being at the creation thereof; and where a remainder shall be limited on more than two successive estates for life, all the life estates subsequent to those of the two persons first entitled thereto, shall be void, and on the death of those persons, the remainder shall take effect, in the same manner as if no other life estate had been created." 1 Rev. St. (1st Ed.) p. 723, pt. 2, c. 1, tit. 2, § 17; Real Property Law, Laws 1896, p. 565, c. 547, § 33."

The legal estate in the trustees in the remainder is not two life estates, though two lives are employed as a measure of the continuance of the trust term, but it is a single estate, and it is not invalid, either in whole or in part, because it is of a remainder interest after a preceding life estate. Amory v. Lord, 9 N. Y. 403; Woodruff v. Cook, 61 N. Y. 638, 641; Bailey v. Bailey, 97 N. Y. 460; La Farge v. Brown, 31 App. Div. 542, 545, 52 N. Y. Supp. 93. No invalidity appears in the will, and the referee's report will not be confirmed and all objections overruled which depend upon the questions heretofore considered.

The referee erred, however, in treating the decree of this court made, on default of objections thereto, in October, 1900, as conclusive upon the objectant as to her contention that the capital of the trust had improperly been used since the date of that decree, in making payments to beneficiaries of the trust, instead of making good therefrom capital which, before that decree, had been applied in discharging taxes and defraying other expenses which should have been paid out of income. The decree of a surrogate is not conclusive upon the parties

in establishing a rule of law which will control in the later administration of the estate. If not appealed from, it will serve as a complete protection to the accounting executor or trustee, against all of the parties duly cited, as to all questions concerning the correctness of his accounts thereby approved and the disbursements therein directed; but the jurisdiction of the surrogate to construe the will of the testator or to define or declare the rights of the beneficiaries of a trust as between themselves is limited to the necessities of the accounting then before the surrogate. Bowditch v. Ayrault, 138 N. Y. 222, 231, 33 N. E. 1067; Matter of Hoyt, 160 N. Y. 607, 618, 55 N. E. 282, 48 L. R. A. 126; Matter of Perkins, 75 Hun, 129, 26 N. Y. Supp. 958, affirmed on opinion below, 145 N. Y. 599, 40 N. E. 165; Frethey v. Durant, 24 App. Div. 58, 48 N. Y. Supp. 839; Matter of Hunt, 41 Misc. Rep. 72, 83 N. Y. Supp. 652. Having in mind the character of accountings before the surrogate, the large number of issues possible to be raised on numerous items of receipts and disbursements, and the necessity for expedition in passing upon the decree, the rule is not only logical, but is also useful and just.

At the time when the disbursements from capital were made, which are complained of, the income in the hands of the trustees was entirely insufficient to make them. The use of capital to pay the obligations of the persons then entitled to income should have been corrected by turning over income subsequently collected to the account of principal, and this may be done in the decree in this proceeding.

So much of the referee's report as concerns these matters is reversed, and the proceeding will be set down before me on July 2d, at 10:30 a. m., for further hearing with respect thereto. Notice of such hearing should be served.