UNITED STATES TRUST COMPANY, Plaintiff, *v.* JOHN
GRISWOLD WEBB, CHARLES EASTMAN et al., Defend-
ants.

(Supreme Court, New York Special Term, March, 1920.)

Wills — construction   of — trusts — accounting — executors   and
administrators — life   estates — advancements — Real   Prop-
erty Law, § 43.

Under the provisions of a trust agreement, the income of the
trust fund was payable to the wife of the settlor until her death
or remarriage and thereafter to the settlor's son for life, who
was also to receive, at his mother's death or remarriage, one-
half of the principal of the trust fund, if he was thirty years of
age, or when he arrived at such age, and upon his death the
balance of the trust fund was to be distributed as he by his
last will directed, and failing such direction said balance was
to be divided equally between his surviving uncles. After the
death of the settlor, the trustee continued the payments of income
to the widow until her remarriage, at which time her son was not
thirty years of age, and accordingly received all the income of
the trust fund, and upon reaching that age, one-half of the
principal of the trust fund was paid to him and until his death
he received the income from the remaining half of the prin-
cipal. The son died without issue and a bequest under his will
of one-fourth of said trust fund provided that, in the event
of his death without lineal descendants, the remaining three-
fourths should go to his widow for life or until her remarriage,
with remainder over to his brother, the latter's descendants, and
finally to testator's three uncles or their issue *per stirpes,* and the
will further provided that his widow might convey her life estate
in trust because he had been unable, under the law against the
suspension of absolute ownership, to leave it in trust for her.
In an action for the judicial settlement of the accounts of the
trustee under the trust agreement the administrators of testator's
widow claimed that he had invalidly exercised his power of
appointment under the trust agreement and that the next of
kin of his widow were entitled, under the Statute of Distribu-
tions, to the residue of the entire trust fund. *Held,* that the

family scheme was to give the beneficial uses of the property to the respective widows for life, and that thereafter it should not go to aliens in blood, and that plaintiff was entitled to judgment directing the payment of one-fourth of the principal of the estate of testator to the administrators of his widow, less advancements made thereon and directing payment of the residue to his brother, without costs, payable out of the share passing to said administrators.

Section 43 of the Real Property Law held to have no application to the present proceeding.

ACTION for an accounting.

Stewart & Shearer (McCready Sykes), for plaintiff.

Root, Clark, Buckner & Howland (Vanderbilt Webb), for defendant Webb.

Richmond J. Reese and Richard H. Clarke, for Charles Eastman et al.

COHALAN, J. Plaintiff sues for a judicial settlement of its accounts as trustee of a trust created by an agreement made on July 1, 1899, between Henry Walter Webb, Sr., and the United States Trust Company. By the terms of the trust agreement the settlor transferred to the trust company certain securities to be held in two equal and distinct trust funds. The settlement of only one of these trust funds is involved in this action. Under the provisions of the trust the trustee was to pay the income of the fund to the wife of Henry Walter Webb, Sr., until her death or remarriage. Thereafter the income was to go to Walter Webb, Jr., for his life. The latter was also to get one-half of the principal of the fund at that time, if he had already reached the age of thirty, or thereafter when he should reach such age. Upon Walter Webb, Jr.'s, death the balance of the fund was to be

distributed as he in his will directed, and upon his failure to so direct the balance was to be divided equally between his surviving uncles. In the year 1900 Henry Walter Webb, Sr., died, and the trust company continued to pay the income to his widow until the year 1904, when she remarried. At that time Walter Webb, Jr., had not reached the age of thirty years, and accordingly he received the income from the entire fund. In the year 1916 Walter Webb, Jr., became thirty years of age and one-half of the principal of the fund was paid to him, and he received the income from the remaining one-half until his death on January 18, 1919. In his will he attempted to exercise the power of appointment given to him over the trust fund. In paragraph (E) of part first of the will there are directions as to the distribution of the residue of the fund in case the testator left his wife, Constance E. Webb, surviving him. She did survive him, but died on July 8, 1919. The principal question at issue is the interpretation and the validity of paragraph (E) of the first part of the will. In brief, the testator bequeathed one-quarter of the residue of the trust fund to his widow absolutely, and in the event of the testator's death without lineal descendants the remaining three-quarters to his wife for life or until her remarriage, with remainders over to his brother, J. Griswold Webb, the latter's lineal descendants, and finally to the testator's three uncles or their issue *per stirpes*. The testator further requested his widow to convey her life estate to trustees upon certain trusts. The testator died without issue, and his brother, John Griswold Webb, was born August 13, 1890. The administrators of the estate of Constance E. Webb now claim that the power of appointment was invalidly exercised by Walter Webb, Jr., with respect to the trust fund residue, and that in consequence thereof

Supreme Court, March, 1920. [Vol. 110.

the next of kin of his deceased widow are entitled to the entire trust fund residue by operation of law and by the Statute of Distributions of the state of New York. In this position they stand apart from all other parties to the suit. The plaintiff contends that the estate should be distributed in accordance with the directions of the will of Walter Webb, Jr., executing the power of appointment confided in him by his deceased father. The validity of the appointment of one-fourth of the trust fund residue to Constance Webb, absolutely, is unquestioned. This gift was subject to no limitations over, and passed to her outright upon the testator's death. It amply provided, upon her death, for the relatives of Constance Webb. With respect to the remaining three-quarters, I am satisfied that the testator specifically directed that it should pass to his widow "to be held and enjoyed by her during her life or until her remarriage." The will not only in precise words restricts the widow's interest to a life estate, but proceeds to limit various remainders on this legal life estate. The will then provides that the widow might convey her legal life estate in trust, because the testator had been unable, under the law against the suspension of absolute ownership, to leave it in trust for her. If he died leaving his widow without children she was to get everything during her lifetime, and care was exercised to provide that at her death the property was not to go to her next of kin, but should return to the testator's brother, John Griswold Webb. In this disposition he followed the plan and theory of his father's trust gift. It seems to have been the family scheme to give the beneficial uses of the property to the respective widows for life, and thereafter the property should pass over to those of the testators' flesh and blood; in a word, that the property should

not pass into alien channels. Under section 43 of the Real Property Law the prohibition against more than two successive life estates has no application. In the case at bar the property was held in trust for the lives of his mother and Walter Webb, Jr., the trust being followed by the appointment under a power of a legal life estate to Constance Webb, and of a legal remainder in fee to John Griswold Webb. The authorities hold that section 43 of the Real Property Law does not apply to trusts, but only to legal life estates. *La Farge* v. *Brown,* 31 App. Div. 524; *Matter of Hurlbut,* 51 Misc. Rep. 263; *Matter of Abbey,* 98 id. 506. I hold that judgment in favor of the plaintiff may be entered directing the payment of one-fourth of the principal of the estate of Walter Webb, Jr., to the administrators of Constance E. Webb, less advances heretofore made thereon, and of the residue to John Griswold Webb, without costs, payable out of the share passing to the administrators of Constance E. Webb.

Judgment accordingly.