In the Matter of the Estate of WILLIAM H. DEGUMOENS, Deceased.

Surrogate's Court, New York County, June 5, 1933.

*George E. Cogswell,* for the petitioner.

*Daniel Noble,* for Dorothy G. Cobb.

*Frank C. Mebane,* for Gertrude A. Curran, guardian of Barbara A. deGumoens.

DELEHANTY, S. Construction is asked of the following provisions of the will of deceased:

" *Second.* Whereas I have heretofore by deed of trust conveyed to George E. Cogswell, Esq., and myself as Trustees certain property

to be held for the benefit of my daughter Dorothy deGumoens, I have made no specific provision for my said daughter in this Will.

" *Third.* In case I should leave any child or children by my present wife, Gertrude A. deGumoens, I give and bequeath to George E. Cogswell and the Peoples Trust Company of Brooklyn, as Trustees, the sum or sums of Ten Thousand ($10,000.00) Dollars each for each such child of mine surviving me, to be held in trust by the said trustees and the net income arising therefrom to be used for the maintenance, education and support of each such child until he or she shall attain the age of twenty-one years and upon his or her attaining the age of twenty-one years, the principal of said trust fund to be paid over to him or her absolutely. In case of the death of any such child before attaining the age of twenty-one years, I direct that the principal of the trust fund shall be paid over to his or her surviving brothers and sisters in equal shares."

Testator left surviving him his widow, the daughter mentioned in paragraph second and two infant children by his second marriage. One of the latter died before attaining twenty-one years and the question here for determination is whether the trust fund created by the third clause of the will for such deceased child of the second marriage passes exclusively to the other child of such second marriage or is to be divided equally between such child and the adult daughter referred to in clause second.

The court holds that the testamentary scheme plainly intends to limit the benefits under the third paragraph of the will to the issue of the second marriage only. The language of paragraph second is intended by testator to state broadly that his adult daughter is not to share in the benefits of the will. The use of the word " specific " does not limit that declaration of general purpose. The precise point has been passed upon. (*Matter of Clarke*, 220 N. Y. 660.) The Court of Appeals adopted as the law of that case the dissenting opinion of COCHRANE, J., written when the case was under consideration by the Appellate Division (174 App. Div. 741). The reasoning of Mr. Justice COCHRANE clearly is applicable to this instrument and controls the determination of this application.

Submit decree construing the will as excluding the adult daughter from any interest in the trust fund created by the third paragraph of the will.