## In the Matter of the Estate of AUGUSTA DORN, Deceased.

Surrogate's Court, Bronx County, March 29, 1938.

*Morrison & Lynn* [*Archie B. Morrison* and *Charles Roden* of counsel], for Frederick W. R. Dorn and George W. Dorn, individually and as executors and trustees of Augusta Dorn, deceased; Robert Dorn, George W. Dorn, Jr., William R. Dorn, Eleanor Dorn Heinemann, Charlotte Dorn, and George W. Dorn, as testamentary guardian, etc., of Augusta Dorn, infant.

*Abberley, Bryde, MacFall & Amon* [*Edward D. Bryde* of counsel], for Albert Huth.

*Adrian P. Burke,* special guardian of Augusta Dorn, infant.

HENDERSON, S. In this accounting the surviving executors and trustees have petitioned for a construction of a portion of the will.

The decedent died a resident of this county on December 11, 1923. She left a will dated February 5, 1916, and a codicil dated April

24, 1922. The will and codicil appointed her two sons and her daughter, Martha Dorn, as executors and trustees. They duly qualified both as executors and trustees. All three continued to act as such until the death of Martha Dorn on November 11, 1936. Her brothers are still acting as the surviving executors and trustees. On June 17, 1926, the deceased executrix married Albert Huth. She left no issue. She left a will dated March 8, 1935, which was admitted to probate in the State of Florida. Since the date of the death of Martha Dorn Huth to the date of the filing of this account, the surviving trustees have retained one-third of the income of the trust previously payable to her, pending the determination as to who is entitled to receive it.

The pertinent provisions of the will involved herein are paragraph fifth of the will and paragraph third of the codicil of Augusta Dorn and the residuary clause of the will of Martha Dorn Huth. None of the parties contend that the amendment made by the codicil by which the words " or sooner dies " are inserted, affect the construction. It reads as follows:

" *Fifth.* I give, devise and bequeath all the rest, residue and remainder of my estate of whatsoever nature and nature and kind, be it real, personal or mixed and wheresoever the same may be found and not hereinbefore otherwise disposed of, unto my executors and trustees hereinafter named or their successors or survivors, to be held in trust by them to collect and receive the income, rents, issues and profits therefrom, and to apply the same to the use and benefit of my three children, Frederick W. R. Dorn, George W. R. Dorn and Martha Dorn, until the death of any two of my said three children and until the sale and division of my said residuary estate and until my eldest grandchild living at the time of the death of either of my said two children, shall have attained the age of twenty-one years as hereinafter provided, and upon the death of any two of my said three children, I hereby authorize, direct and empower my said executors and trustees, or their successors or survivors, to sell and dispose of all my said residuary estate, either at public auction or at private sale, as they may deem best, and to give good and sufficient deed or deeds in the law, or other paper writings, to the purchaser or purchasers thereof, and when the eldest of the lawful issue of either of my said two children who shall have died as aforesaid, attains the age of twenty-one years, then upon the happening of that event, I direct my said executors and trustees, or their successors or survivors, to divide the net proceeds derived from such sale into three equal shares or portions, one of which said shares or portions they shall distribute equally, share and share alike, among the then living lawful issue of the one of

my said two children who shall have died as aforesaid, and if there be no such issue, then to the person or persons, corporation or corporations as he or she shall have designated in and by his or her last will and testament, and if he or she shall have made no such designation, then to his or her heirs-at-law or next of kin who may be living at the time of such division, equally, share and share alike, and one of which said shares or portions they shall distribute equally, share and share alike, among the living lawful issue of the other one of my said two children who shall have died as aforesaid, and if there be no such issue, then to the person or persons, corporation or corporations as he or she shall have designated in and by his or her last will and testament, and if he or she shall have made no such designation, then to his or her heirs-at-law or next of kin who may be living at the time of such division, equally, share and share alike, and the one other remaining equal share or portion thereof, they shall pay to my surviving child who may be living after the death of my said two other children as aforesaid and who shall be living at the time of such division, and if such child be not living at the time of such division then to his or her lawful issue him or her surviving, and if there be no such issue, then to the person or persons, corporation or corporations as he or she shall have designated in and by his or her last will and testament, and if he or she shall have made no such designation, then to his or her heirs-at-law or next of kin who may be living at the time of such division, equally, share and share alike."

The residuary clause of the Martha Dorn Huth will is as follows:

"*Item* 10. I give, devise and bequeath all the residue of my estate, real, personal and mixed, (including my share of the residuary estate of which I am entitled to under the will of my mother Augusta Dorn) of whatsoever nature and kind and wheresoever the same may be situate at the time of my decease, to my husband, Albert Huth, to be his during his lifetime, and upon his death that the same may be divided equally among my nephews and nieces whose names are set forth in Item 4, of this my last will and Testament."

The nephews and nieces named in item 4 are six in number; three are children of one of the surviving trustees and three are children of the other.

Under her mother's will, Martha Dorn Huth was entitled to receive one-third of the income from the residuary trust until her death. If she died without leaving issue, she was given a power of appointment to designate by her will, who would succeed to her share at the termination of the trust.

The provision in paragraph " fifth " of Augusta's will which postpones the division of the trust until the eldest grandchild attains the age of twenty-one, may be disregarded. The trust is measured by lives of the two children of the testatrix who predecease the third child.

The eldest grandchild who survived Martha Dorn Huth has attained the age of twenty-one. The contingency which might have produced invalidity cannot occur. Whether or not that provision is invalid has become academic. (*Matter of Von Deilen*, 154 Misc. 877, 887.)

Martha Dorn Huth, pursuant to her power of appointment in her mother's will, gave her husband a life estate with the remainder to six nephews and nieces. As such an estate is alienable, it does not violate the rule against perpetuities. (*Matter of Brewster*, 246 App. Div. 192, 196.)

Section 43 of the Real Property Law provides that where a remainder is limited upon more than two successive life estates, the first two are valid and those subsequent are void. It has no connection with the rule against the suspension of the power of alienation. It applies to life estates only and not to trusts. The creation of the legal life estate for her husband by the will of the deceased trustee was a valid exercise of her power of appointment. Such an estate may follow the termination of a trust period measured by two lives, for it neither extends the period of the suspension of the power of alienation nor does it violate the provisions of section 43 of the Real Property Law. (*United States Trust Co.* v. *Webb*, 110 Misc. 683.)

It follows that Albert Huth has a legal life estate in one-third of the trust estate upon its termination, with the remainder to the nephews and nieces as provided in the will of the deceased trustee.

With respect to the income during the continuation of the trust, the situation is quite different. The will of Augusta Dorn was drawn by an experienced attorney and it is primary that the intent of the testatrix must be determined from the language she used. When she provides for the distribution of the corpus, she gives the power of appointment to the two children who shall have died before the termination of the trust without living lawful issue.

However, with respect to the income during the trust period, she provides that it shall be applied " to the use and benefit of my three children, Frederick W. R. Dorn, George W. R. Dorn and Martha Dorn, until the death of any two of my said children." Her predominant purpose was to provide for and to protect her children so long as they might live. To accomplish this she desired

to keep her estate intact for their benefit for the longest period permitted by law. If she did not wish the income shared among them for the entire duration of that period, would she not have provided for a trust in one-third of the residuary for each child limited upon their respective lives?

So far as the law permitted, she treated each child alike with respect to the corpus of the trust. The only persuasive reason to account for the direction that upon the death of one of her children the corpus that produced his income should remain in trust, is that she intended her surviving children to benefit and no others.

Each surviving child is entitled to one-half of the income from the date of the death of Martha Dorn Huth to the termination of the trust.

Settle decree.