In the Matter of the Construction of the Will of ROBERT J. SISK, Deceased.

Surrogate's Court, Kings County, February 28, 1950.

*Edward J. Garity* for Union Bank and Trust Company of New York and others, as executors and trustees under the will of Robert J. Sisk, deceased.

McGarey, S. Testator, a resident of Connecticut, died May 24, 1939, survived by five children as his heirs. He left a will, which was duly proved in Connecticut, and his two daughters and a bank qualified as executors and trustees. He died seized of certain real property located in this county, and an exemplified copy of the proceedings in the Connecticut court has been duly filed and recorded in this court.

The executors and trustees seek a construction of the will in this proceeding, so far as it affects the real property in this jurisdiction.

By paragraph " 2 " of his will, testator devised unto his sister, Jennie, " the use and occupation during the term of her natural

life of the '' real property in this county. He further directed
'' my trustees hereinafter named to make payment of all taxes,
insurance, repairs and all other expenses of maintenance of said
house during the lifetime of my said sister '' and that '' The
above expense shall be charged upon the income of the trust
fund hereinafter established, and in the administration of the
trust treated as if they were an operating expense of the same.''
The will fails to expressly dispose of the remainder interest.

Paragraph '' 8 '' devises the residuary estate unto the named
fiduciaries, in trust, for a period of ten years. They are directed
to pay one fifth of the income thereof to each of testator's
children, Florence, Gertrude and Walter, and to use the remain-
ing two fifths of the income for the maintenance and keep of
the remaining two sons, Robert and Charles, share and share
alike. At the end of the ten-year period, the trustees are directed
to pay over unto Florence, Gertrude and Walter, one fifth of
the entire principal fund each, and to retain the remaining two
fifths of the residuary estate for the natural life or lives of
Robert and Charles, each to receive one half of the net income.
Upon the death of either, one half of the fund is devised to the
heirs of the body of the one so dying, and in default thereof,
the income is given to the survivor. If both sons die without
issue, the remainder is devised unto Florence, Gertrude and
Walter.

Testator's sister, Jennie, and his five children, are still living.
The sister, however, is of advanced age, and since the residuary
estate, in part, has vested in possession, the executors and
trustees are in doubt as to their right to retain some part thereof
in order to carry out the obligation upon them of paying the
carrying charges of the real property for the duration of the
life estate. In addition, the presently vested remaindermen
seek a determination of their rights in the real property.

The validity and effect of the disposition of said real property
is governed by the law of this State (Decedent Estate Law, § 47).
The provisions of paragraph '' 2 '' create a valid life estate
in Jennie Place, the sister of testator. There being no
express disposition of the remainder, it will fall into the resid-
uary, and devolve as therein provided (*Matter of Cole,* 235
N. Y. 48; *Matter of Baker,* 60 N. Y. S. 2d 660).

Examination of the residuary clause discloses a clear and
unmistakable intent to create five separate trusts, one for the
benefit of each child. The limitation of the trusts for a stated
number of years is, in this instance, valid. By the express

provisions of subdivision (b) of paragraph " 8 ", the death of either of the designated income beneficiaries effects a termination of the trust for his or her benefit, and the remainder thereupon vests in possession. Accordingly, the trusts as to three fifths of the residuary estate, will in any contingency terminate within the statutory limitation (*Schermerhorn* v. *Cotting,* 131 N. Y. 48; *Matter of Drury,* 249 N. Y. 154; *Farley* v. *Secor,* 167 App. Div. 80).

More than ten years having elapsed since the death of the testator, an undivided one-fifth interest in the real property here under consideration has vested in each of the three children of the testator entitled to the possession of their respective shares of the residuary estate upon the occurrence of said event. However, their right to immediate possession continues to be subject to the life estate of testator's sister in said premises.

Paragraph " 2 " of the will is explicit in charging the income of the residuary trusts with the cost of maintenance of the real property during the continuance of the life estate. However, the question whether the trustees should or should not retain some part of the corpus of the three trusts which have terminated, for the purpose of carrying out the directions of the testator in this respect, is not a matter for determination by this court. Neither the main estate, nor the fiduciaries thereof, are subject to the jurisdiction of this court.

One half of the remaining two fifths of the residuary estate, is held upon a trust for the life benefit of each of testator's sons, Robert and Charles, with the remainder upon their death to their respective issue. In default of issue, the will directs the payment of the income earned upon the share held for the benefit of the one so dying, unto the surviving son. In respect to one fifth of the estate, it is suggested that the power of alienation will be suspended for the full statutory period of two lives. The question then presented is: Will a one-fifth interest in the real property which has already been subjected to a life estate, be invalidly disposed of either: (a) because the power of alienation has been suspended for more than two lives in being in violation of section 42 of the Real Property Law; or, (b) because the remainder is limited on more than two successive estates for life in violation of section 43 of the Real Property Law.

The court holds that neither statute has been offended, and that the real property has been validly disposed of under any contingency which may here occur (*Bailey* v. *Bailey,* 97 N. Y.

460; *Matter of Brewster,* 246 App. Div. 192, affd. 271 N. Y. 599; *Matter of Dorn,* 167 Misc. 58; *United States Trust Co.* v. *Webb,* 110 Misc. 683; *Matter of Hurlbut,* 51 Misc. 263).

Submit decree accordingly.