In the Matter of the Construction of the Will of MORRIS GREENBERG, Deceased.

Surrogate's Court, Bronx County, January 22, 1951.

*A. G. Sidelle* for Mollie Greenberg, as executrix of Morris Greenberg, deceased, petitioner.

*Bernard Sternlight,* special guardian for Pearl S. Shor, an infant.

HENDERSON, S. In this proceeding the court is requested to construe paragraph " Fifth " of the testator's will, which provides as follows: " Fifth: All the rest, residue and remainder

of my property and estate, both real and personal and whereso-
ever situate, which at the time of my death shall belong to me or
be subject to my disposal by Will, I give, devise and bequeath
as follows: I direct said residuary estate to be divided into as
many equal parts as I shall leave children surviving me."

In other portions of the will, the testator made bequests to
his mother and father, both of whom predeceased him. He
stated therein that no provision was made for his wife, the
present petitioner, because he had made her the beneficiary of
his life insurance policies.

The testator's distributees are the widow, his daughter
Charlotte, a son George, and a granddaughter, the daughter of a
son who predeceased the decedent on July 13, 1944.

The will is dated February 27, 1930.

The widow is the assignee of the interests in this estate of the
two surviving children.

The special guardian for the infant granddaughter contends
that the testator died intestate as to his residuary estate because
he failed to make any disposition of it in the aforesaid paragraph
or in any other portion of the will.

He asserts that the mere division of the residue without a
specific provision for the distribution thereof is insufficient to
create a bequest and to support his assertion, cites the leading
case of *Brown* v. *Quintard* (177 N. Y. 75). In that case, the
testator left him surviving four children and a son of a deceased
child. He gave his residuary estate in trust and directed that
at the termination of the trust term, it be divided into four
parts. One of these parts was given to a son subject to a certain
deduction for advances " in justice to my other children."
The will contained no provision for the disposition of the remain-
ing three fourths of the residue. It was held therein that the
testator died intestate as to the residuary estate because the
inferences arising from the will were not so plain and forcible
as to justify the disinherison of the grandson.

The court overrules the special guardian's contention.

Although the testator herein has imperfectly expressed his
testamentary intention, such intention is indicated with suffi-
cient certainty to support a gift by implication to the surviving
children, Charlotte and George, to the complete exclusion of the
special guardian's ward.

" To uphold a legacy by implication, the inference from the
will of the intention must be such as to leave no hesitation in
the mind of the court and to permit of no other reasonable
inference " (*Bradhurst* v. *Field,* 135 N. Y. 564, 568).

An examination of the language in paragraph " Fifth " can leave no reasonable doubt that the testator considered that he was effectively disposing of the residue.  It is important to observe that, coupled with the direction to divide the residue into as many shares as he shall leave children surviving him, there is found the customary words of gift " I give, devise and bequeath as follows:"  To hold that no disposition has been made as urged by the special guardian would require a complete disregard of this language.

" Laymen would have no difficulty in sustaining a bequest by implication from the language in which the decedent expressed his testamentary intent.  Courts should not, by self-imposed impotence, not required by the precedents, be less efficacious.  They should give effect to plainly discernible though ineptly expressed, testamentary intent." (*Matter of Selner,* 261 App. Div. 618, 623, affd. 287 N. Y. 664.)

Upon the further question of construction as to whether the grandchild is included within the gift to "children ", the court holds that she is not included.  The uniform rule is that where a testator speaks of children in general terms, he does not intend to include grandchildren.  The term " children " is never construed to include grandchildren unless there is something in the will to show that the word was used in a broader sense (*Matter of Schaufele,* 252 N. Y. 65).

Settle decree.