W. Vincent Grady, S.
Application has been made to this court by Violet Seaton Frank and Lionel Seaton Frank, as executors and trustees under the last will and testament of H. Seaton Frank, deceased, for a determination of the validity, construction and effect of a disposition of property contained in said will, and Samuel R Eosen, Esq., of 11 Market Street, Poughkeepsie, New York, having been duly appointed special guardian of the infants, Lionel Seaton Frank, Jr., 16 years of age, and John Campbell Frank, 13 years of age, and the matter having come on regularly to be heard, and M. J. Eider, Esq., having appeared for petitioners and Samuel E. Eosen, Esq., having appeared for said infants, and the respective arguments having been heard, and memoranda of law having been submitted, and after due deliberation thereon, the court decides and finds as follows:
It appears that the will of H. Seaton Frank, deceased, after providing for the payment of his debts and making certain specific bequests to his wife and son, continues under paragraph numbered “ fifth ” as follows:
‘ ‘ All the rest, residue and remainder of my property, real, personal or mixed, wheresoever situated, of which I may die seized or possessed, or to which I may in any manner be entitled, or in which I may be beneficially interested at the time of my demise, including any property as to which I have a power of appointment, and particularly all property as to which I have a power of appointment under the terms of the last will and testament of my father, or such part thereof as may not have been previously appointed in this my Will, or during my lifetime, I give, devise and bequeath to my executors and trustees hereinafter named, in trust, nevertheless, to have and to hold the same to and for the uses and purposes following:
*33 “a. To take possession of, hold, manage, invest and reinvest the same, and to collect and receive the rents and income accruing therefrom, and after deducting the expenses pertaining thereto, to pay the balance of said income in equal quarterly installments to my wife violet seaton frank during the term of her natural life; and in addition thereto, to use part of the principal of this trust for my wife’s use and benefit whenever my trustees in their discretion shall deem such use needful.
“ b. In the event that my wife shall have predeceased me, then upon my death I direct my said executors and trustees or their survivor, to convey, transfer and deliver all of the principal of said trust to my son Lionel seaton frank, if he is then living, the same to be his absolutely.
“ c. In the event that my wife should not survive me, and if my son also should not survive me, but there shall be issue of my son surviving me, then upon my death, or if my wife should survive me, and my son shall have predeceased my wife, leaving issue of my said son surviving, then upon my wife’s demise my estate shall be distributed, as follows:
“ 1) I give, devise and bequeath one quarter (%) thereof to my daughter-in-law jane spangler frank, provided my said daughter-in-law shall be living at the time of my demise, and provided further that she has not remarried.
“ 2) The remaining three-quarters (%) of my estate, and the whole thereof in the event that my aforementioned daughter-in-law shall not be living or shall have remarried, shall be divided into as many equal separate trusts as there are surviving children of my son, or surviving descendants collectively of each deceased child of my said son, which trusts shall be distributed, as follows:-.”
(The will then sets up the provisions of the trusts.)
It appears that testator was survived by his wife, his son, his daughter-in-law and two grandehildrén.
It further appears that by subdivisions a, b and c of paragraph “ fifth ” of said will, testator omits to dispose of the corpus of the trust of subdivision a in the contingency which did occur; that is, that the son and wife survived the testator.
It appears that the testamentary scheme disclosed in the will was to vest a remainder interest in the trust corpus in the son and his issue, after providing income for the wife during her lifetime, and since the will appears to have intended a disposition of the whole fund in the numerous contingencies foreseen and provided for in the instrument, a bequest of the trust corpus to the son may be implied to give effect to the evident purposes of the testator.
*34 Petitioners contend that the testator’s dominant intent is manifested by his provision for the son in subdivision b, based on the contingency that the wife predeceased testator, and by his provision for the son’s issue in subdivision c, based on the contingency that the son predeceased the wife, was to vest the entire beneficial and remainder interest in the corpus in the son surviving upon the demise of the wife, testator’s primary beneficiary, and that a remainder interest should be implied in the son.
The courts have recognized that a bequest or a devise may be accomplished by implication. (See Masterson v. Townshend, 123 N. Y. 458; Ann. 10 L. R. A. 816; see, also, Matter of Selner, 261 App. Div. 618, 620, 621, affd. 287 N. Y. 664; also, see, Matter of Haber, 281 App. Div. 383, affd. 306 N. Y. 706.)
The analogy between the trust provision considered in the Haber and Seiner cases and the provision presently under consideration in the Frank estate, is compelling, and the court believes that the reasoning and conclusion of the Appellate Division in the Haber and Seiner cases is equally applicable to the trust provision in paragraph 1 ‘ fifth ’ ’ of the will under consideration.
Although there has been an apparent reluctance on the part of the courts to consider the question of disposition of a trust corpus during the lifetime of the trust income beneficiary, nevertheless, a construction at this time will not be upset by future contingencies and will be a guide for the executor trustees and the implied bequest of the .son does not depend upon the happening of a future contingency, but vests interest at this time not inconsistent with or adverse to possible future interests of other beneficially interested parties as provided for in the will.
Since the testator’s dominant intent was to provide for his only son upon the demise of his wife, and since in carrying out this intent the testator provided for a bequest of the trust remainder to his son, in the contingency that the wife predecease the testator, and further provided that in the contingency that the wife and son predecease the testator or if the wife and son survive but the son predecease the wife, that the corpus should be distributed to the son’s issue, which contingency did not occur, the court determines that a bequest by implication of the residue of the trust to the surviving son has been effected.
Submit decree accordingly.