Maximilian Moss, S.
This construction proceeding raises questions in respect of the validity of a trust under decedent’s will and the distribution of its remainder. The decedent died December 31, 1941 survived by his widow, Sarah, and six children. The will was admitted to probate on February 13, 1942. Letters testamentary and letters of trusteeship were duly issued.
Petitioners are the issue of the testator’s son, Joseph. They urge that the trust created under paragraph ‘ ‘ fourth ’ ’ unlawfully suspends the power of alienation and hence that the principal thereof must be distributed as in intestacy; or, alternatively, that the language of the will should be construed so as to include Joseph Cohn, petitioners’ father, and his issue, as remaindermen entitled to a share of the principal of the trust upon its termination. Petitioners allege that the trustee of the trust under the will of their father, Joseph, has refused to bring the proceeding after demand.
The answer interposed by the surviving executor and trustee denies the allegations of the petition, sets forth several defenses thereto including, among others, that petitioners are not proper parties in interest, that the will provision does not require construction and that by reason of article “ seventh ” of the will constituting an “ in terrorem ” provision, petitioners have no status in these proceedings.
The pertinent provisions of paragraph “ fourth ” of the will, wherein the trust at issue was created, are as follows:
“ fourth : All the rest, residue and remainder of my property and estate, both real and personal and wheresoever situate, which at the time of my death shall belong to me or be subject to my disposal by Will, I give, devise and bequeath to the persons hereinafter named in trust, nevertheless to invest the same and to keep the same invested and to receive the rents, issues, income and profits therefrom, and after defraying all taxes and other *663 lawful charges upon the same to pay the net income thereof to my beloved wife, Sarah Cohn, during her life, and upon the death of my said wife I direct said trustees to continue said trust as hereinbefore set forth during the life of my son, David Cohn, and to receive the rents, issues, income and profits therefrom and to divide same among my children, David Cohn, Anna Cohn, Gertrude Sacoda, Jennie Braunhurt and Esther Silver, share and share alike, subject however to the provisions herein relating to Jennie Braunhurt and David Cohn. (Emphasis supplied.)
“ In the event, however, that anyone of my said children predecease me or my wife and leave no issue surviving, then the share that that child is to receive is to be divided equally among the other children hereinbefore mentioned in the above paragraphs.
‘ ‘ In the event, however, that anyone of my said children predecease me or my wife and leave issue surviving, then the share that the said child would have received shall be divided among the issue of said child per stirpes and not per capita.
& # &
“ Upon the termination of the trust as hereinbefore provided, or in any other event, then I hereby direct my trustees to divide the trust estate then existing into as many shares as there are children me surviving at the time of my death, leaving issue surviving as provided in this paragraph. In the event anyone of my children pre-decease me leaving no issue surviving, then the portion that that child would have received shall be divided among the others me surviving. In the event anyone of my said children pre-decease me and leave issue surviving, then the share that that child would have received shall be divided equally among the issue of such of my said children who shall have predeceased me, to be divided among said children per stirpes and not per capita.”
It will be noted from the above first paragraph of article “ fourth ” that the use of the words by testator of “ my children ”, naming them specifically as David, Anna, Gertrude, Jennie and Esther, clearly showed that he did not want Joseph to have any interest in the estate. Similarly, although the contingencies expressed therein did not take place, the immediately following two paragraphs of article “ fourth ” again confirmed this intent by referring to the children ‘ ‘ hereinbefore mentioned ” and by repeating the words my “ said children “ said child ” and “ issue of said child ”,
Article “ second ” of the will recites that no provision is made for testator’s son, Joseph, nor his wife, Beatrice, nor any other *664 member “ of his family ” by reason of the fact that testator in his lifetime entered into an agreement with his son, Joseph, giving him and agreeing to give him a substantial sum of money ‘6 which sum he is presently receiving and will receive under said agreement and therefore no provision whatsoever is made for him in this Will in any way with respect to any trust fund hereinafter established.”
The status of petitioners as proper parties in interest to bring this proceeding and to seek a construction of the will was determined by this court on May 12, 1959 and such determination is adhered to. With respect to the “in terrorem” provision of article 1 ‘ seventh ’ ’, the court holds that it is not applicable to a distributee who seeks a construction of any of its provisions.
Decedent’s widow, Sarah Cohn, upon whose life the primary trust is measured, died on October 15,1955. David Cohn, whose life measures the secondary term, is living. Decedent’s grandchild, Marsha, daughter of David, during whose minority a further term was to be measured, attained her majority on May 1, 1959.
Were David Cohn to have died during the secondary term of the trust and prior to Marsha’s attainment of her majority, the continuation of the trust during the minority of Marsha would have been an unlawful suspension of alienation (Oxley v. Lane, 35 N. Y. 340; Matter of Suffolk County Trust Co., 65 N. Y. S. 2d 243). What then is the effect of such possible unlawful suspension in the circumstance that Marsha has attained her majority.
The dominant and underlying principle expressed in cases applying well-recognized rules of construction is the effectuation, so far as possible within the permissible limits of the statute, of the intention of the testator. Provisions creating illegality will be ignored and the other provisions of a will preserved (Matter of Lyons, 271 N. Y. 204; Kalish v. Kalish, 166 N. Y. 368; Matter of Durand, 250 N. Y. 45). Judicial surgery will be applied where the effect of the excision is to preserve the vital plan of the will. If the remainder of a trust, tainted by illegal suspension for more than two lives, is vested, we go forward with the testator for two determinable lives and eliminate what lies beyond; the limitation for the permissible period will be sustained and that which lies beyond will be excised (Matter of Horner, 237 N. Y. 489; Matter of Fischer, 307 N. Y. 149; Matter of Simkowits, 4 Misc 2d 102; Matter of Christatos, 81 N. Y. S. 2d 206; Matter of Green, 187 Misc. 434).
Petitioners urge that the trust must fall and the corpus thereof be distributed as in intestacy because of the testator’s *665 failure effectually to direct a distribution of its remainder. Their contention is predicated upon the argument that the word “ divide ”, used by testator in the first sentence of the paragraph relating to the distribution of the remainder, is inadequate to effect distribution.
It is axiomatic that the testator’s intent is to be discerned and accomplished if legally feasible. Literal interpretation and strict construction in conflict with an intended result, however imperfectly expressed, must be cast aside. The intention of the testator, discernible from parallel provisions of the will or the testamentary scheme as a whole, will not be defeated by imperfect expression and inept language (Matter of Cutter, 5 Misc 2d 737, affd. 4AD 2d 966, affd. 5 N Y 2d 1018).
In the second and third sentence of the above last-quoted paragraph of article ‘ ‘ fourth ’ ’ of the will, testator directs that the issue of a predeceased child or the surviving children of the testator are to take the share that a predeceased child would have received, had he survived. The alternative distribution among the issue of a predeceased child or the other surviving children of the testator of a share that such predeceased child would have received had he survived inescapably leads to the conclusion that the word “ divide ” as used in the earlier sentence of the paragraph intends apportionment and distribution to such child had he survived. Furthermore, the remainder vests pursuant to the rule of gift by implication, which is that if property or estate, claimed to be devised or bequeathed by implication in a contingency which has occurred, has been made the subject of an express bequest or devise in another contingency which did not occur, then effect may be given to such bequest or devise in the contingency which did occur (Matter of Sclner, 261 App. Div. 618, affd. 287 N. Y. 664; Matter of Greenberg, 198 Misc. 1079; Matter of Frank, 17 Misc 2d 32).
The express words of distribution in the event of a contingency which did not occur, to wit, prior death of one of the decedent’s children, compels the distribution among the testator’s surviving children described in article “ fourth ” in the contingency which did occur, to wit, the survivorship of such decedent’s children.
Since the remainder of the trust is vested, the term which would have been measured by Marsha’s minority may be ignored as academic (Matter of Dorn, 167 Misc. 58, affd. 255 App. Div. 973) or excised as superfluous (Matter of Durand, 250 N. Y. 45, supra; Matter of Horner, 237 N. Y. 489, supra; Matter of Schuette, 11 Misc 2d 212, affd. 6 A D 2d 1031, motion for leave to *666 appeal denied 7 A D 2d 634). The contention that the annuity payments to Jennie Brannhurt affect the validity of the trust is rejected (People’s Trust Co. v. Flynn, 188 N. Y. 385; Matter of Schulman, 115 N. Y. S. 2d 169).
Alternatively, petitioners urge that they are within the class of remaindermen entitled to share in the distribution of the corpus of the trust upon its termination. This contention is based upon the claim that the corpus of the trust at its termination is to be divided among such of decedent’s children as survive him. The trustees under decedent’s will oppose on the ground that the word “ children ” does not include Joseph Cohn, father of petitioners, because of article “ second ” of the decedent’s will previously quoted.
The language of article ‘ ‘ second ’ ’ effectively eliminates Joseph Cohn, his widow Beatrice, and petitioners, as surviving issue of Joseph, from participating in the distribution of the remainder of the trust under paragraph “ fourth ” (Matter of Clarice, 220 N. Y. 660; Matter of de Gumoens, 148 Misc. 345; Matter of Tefft, 130 N. Y. S. 2d 192; Matter of Leonard, 168 App. Div. 12, affd. 218 N. Y. 513). The accomplishment of any other result would destroy testator’s dominant plan of distribution which is so obviously discernible (Matter of Fabbri, 2 N Y 2d 236). Accordingly, the only persons entitled to share in the remainder of the trust upon its termination at the death of David Cohn are those children of testator who survived the testator, other than Joseph Cohn. The will is construed accordingly.