■    In the Matter of the Construction of the Will of JACOB GREENFIELD, Deceased. ABRAHAM GREENFIELD, as Executor of JACOB GREENFIELD, Deceased, et al., Appellants; ISIDORE GREENFIELD et al., as Executors of JACOB GREENFIELD, Deceased, Respondents.— In a proceeding to construe testator's will, Abraham Greenfield, one of the life beneficiaries and executors thereunder; the three named charitable remaindermen; and the Attorney-General on behalf of the ultimate and indefinite charitable beneficiaries, appeal from a decree of the Surrogate's Court, Rockland County, dated July 25, 1960, construing the will. The three named charitable remaindermen also appeal from the decree by reason of its failure to make an allowance to them for counsel fees pursuant to section 278 of the Surrogate's Court Act. Decree modified on the laws as follows: (1) By striking out the entire fourth decretal paragraph; and (2) by substituting therefor the following paragraphs: " ORDERED, ADJUDGED AND DECREED that the construction and effect of the provisions for trust succession to the remainders of the trusts for testator's sons, contained in paragraph 'Fourth,' 'Fifth' and 'Sixth' of said will, including the construction and effect of the word 'request' as used in subdivision 2 of paragraph 'Fourth' and of the phrase 'provided they have jurisdiction thereover,' as used in paragraph 'Fifth,' are as follows: (1) Under the sixth paragraph the named charities are equally vested with that remainder of the corpus of the trust which had been created for the son who survives his two brothers, as augmented upon the death of the first of these two brothers, by one half of the corpus of the trust created for him.    (2) Under the fourth paragraph and in accordance with the direction to the trustees to pay over to the survivor, the last surviving son takes absolutely, upon the death of his brother second to die, the remainder of the corpus of the trust created for such brother, as augmented upon the death of the brother first to die, by one half of the corpus of the trust created for him.    (3) The request in the fourth paragraph that the remainder so bequeathed to the last survivor be kept intact and be given to the named charities by will of the last survivor, must be accorded its natural precatory meaning.    It is not a command.    The suggestion does not affect the absolute title of the last survivor to the augmented remainder of the son second to die.    (4) The requests in the fifth paragraph do not impair or diminish the augmented remainder 'received' by the last survivor. He is not obligated in his lifetime or by will to contribute to establishment of a Home to be conducted by any charitable organizations.    It is academic whether any relevance could be accorded the final provision in the fifth paragraph as to trustees dividing funds and paying over 'provided they have jurisdiction thereover' in the event of failure of all three sons, or any of them, to survive testator.    In the light of the survival of all three sons the augmented remainder of the last survivor goes to the named charities.    The other half, consisting of the augmented remainder of the son second to die, goes to the last survivor. The trustees have no jurisdiction over any of the funds after payment of the remainders upon the deaths of the survivors of the son first to die."    No issues of fact were considered by this court.    As so modified, the decree is affirmed, with costs payable out of the estate to all parties filing briefs with the excep-

tion of the Attorney-General, to whom no costs are awarded; and the proceeding is remitted to the Surrogate's Court, Rockland County, for entry of a decree in accordance herewith, and for its determination, pursuant to section 278 of the Surrogate's Court Act, of the allowance, if any, to the respective parties for counsel fees and other expenses necessarily incurred in this proceeding and on this appeal. At this time we do not pass on the propriety of any such allowance since that question is not before us now. If the Surrogate's Court in the exercise of its discretion shall make any such allowances, they may be included in the decree to be entered. The testamentary scheme whereby remainders were disposed of upon termination of the lives of any two of the three sons for whom the residuary was divided into equal trusts did not unlawfully suspend the power of alienation (*Matter of Buttner*, 243 N. Y. 1; *Matter of Creveling*, 7 A D 2d 150; *Matter of Dorn*, 167 Misc. 58, affd. 255 App. Div. 973). The word "request" was used in the fourth paragraph in its usual sense. The will in its entirety shows that testator was appreciative of the difference between a request and a command. After directing payment, the use of the word "request" by the knowledgeable testator is inadequate to take from a son and turn over to strangers to the blood the only part of the residuary which is not vested in the latter. The ambiguous provisions in the fifth paragraph, founded upon a request to the last survivor, do not affect vesting in him. We remit for determination, as a matter of discretion to be exercised by the Surrogate's Court, the question of the allowances for counsel fees and other expenses, pursuant to section 278 of the Surrogate's Court Act. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ., concur.