In the Matter of the Estate of CHARLES H. EBBETS, Deceased.

Surrogate's Court, Kings County, February 13, 1931.

*Gray & Tomlin*, for the petitioners.

*Taylor, Blanc, Capron & Marsh*, for National Iron Bank of Pottstown, Pa.

*Walter Jeffreys Carlin*, special guardian for Joseph A. Gilleaudeau, Jr., Eugene Booth and Robert Booth, infants.

WINGATE, S. This is an application by trustees for the advice and direction of this court regarding their action or non-action in respect to voting upon certain shares of stock forming a part of the corpus of this estate.

These shares constitute a fifty per cent holding of the outstanding capital stock of the Brooklyn National League Baseball Club and the Ebbets-McKeever Exhibition Company. The latter named corporation is the owner of a playing field in the borough of Brooklyn, which is leased to the Brooklyn National League Baseball Club. The latter corporation is the holder of a franchise in the National League of Baseball Clubs and conducts at the field owned by the Ebbets-McKeever Corporation public exhibitions of competitive baseball with other clubs of the National League during the usual baseball season.

It has been made to appear by a considerable number of expert witnesses examined upon the hearing, that the seating facilities at

the grounds of the Ebbets-McKeever Company are greatly inadequate to accommodate the number of individuals applying for admission to the games of the baseball clubs and that unless these facilities are increased, there is likelihood that the Brooklyn Baseball Club may lose the opportunity of playing games upon the Sunday dates when large attendance is reasonably to be anticipated.

It is proposed by these corporations to authorize a mortgage issue of approximately $450,000 for the purpose of increasing the seating accommodations at the grounds of the Ebbets-McKeever Company, and the question presented by the executor-trustees to the court is as to whether they should vote the stock in these corporations which is held by them in this estate in favor of such mortgage.

In view of the fact that a mortgage upon corporate property under the laws of the State of New York requires an assent of stockholders in excess of fifty per cent of the outstanding stock, it is obvious that unless the trustees vote a portion of the stock of the estate in favor of such mortgage the resolution therefor cannot be validly adopted. Reduced to its lowest terms, therefore, the question propounded by the executor-trustees to this court is as to whether they should vote affirmatively for the placing of such mortgage by the corporation or should defeat the proposal either by an adverse vote or by non-action.

It is elementary that trustees possess a right of vote in respect to the shares of corporations validly held in the estates of which they are fiduciaries. It is equally elementary that it is an obligation of such fiduciaries to take such action in respect to estate property in their hands as will be most conducive to its welfare.

The question here presented is, therefore, a question not of law but of business judgment in the conduct of the affairs of the corporations involved, which question is imposed upon and must be solved by the executor-trustees by reason of their assumption of the office.

It was unquestionably wise for the trustees on this application to join as parties all persons having a vested or contingent interest in the estate, since it gave all such parties an opportunity to be heard in respect to the matter. It further made the business considerations involved in their exercise of judgment a matter of record. The opinions of the experts qualified to judge respecting financial advisability of the transaction contemplated, the absence of any objection of interested parties to the proposed action and the unanimity of those informed on such matters respecting the financial advisability of the action proposed, have erected so strong a case in favor of the action that non-action or unfavorable vote

by the trustees would unquestionably place upon them a heavy duty of explanation.

The final decision in the matter must be made by the trustees and not by the court. They have the legal right to take the action proposed, the business advisability of which is not a question properly determinable by this court.