Edgar F. Hazleton, S.
The decedent herein, Elsie Patchen Halstead, died October 25, 1955, a resident of Suffolk County. Under the terms of article Eleventh of the will, a trust was established of the residuum of her estate, the income from which was to be paid to her son during his life with the corpus passing upon the son’s death to the trustees of the Columbia University of the City of New York. A parcel of realty located at Huntington Bay Village, Huntington, New York, was the subject of specific disposition under article Tenth, subdivision (b) of the will, which reads as follows: “ (b) I hereby direct and it is my will that the real property at Huntington Bay Village, conveyed to me by my late beloved husband, by deed dated December 4, 1920, recorded in the office of the Clerk of Suffolk County, December 6, 1920, and the property adjacent to or adjoining such premises, being that purchased by me from the Executors of the late Thomas H. Roulston and vested in me by deed dated February 17, 1950, and recorded February 23, 1950, in Liber 3048 of Conveyances, at P. 388, Suffolk County Clerk’s Office, shall likewise become and be deemed a part of my residuary estate shall my said son MORTON P. HALSTEAD, predecease me; shall, however, my said son survive me, then I hereby direct and it is my will that my said son may occupy and have the use of the said premises, house and lands at Huntington Bay Village, so long as he shall so choose; shall he at any time elect not to occupy said premises, he may so elect by written notice to my Executors or Trustees, and upon the effective date of such election or thereafter, the same may be sold by my Executors or Trustees qualifying hereunder on such terms and at such price or prices as to him, it, or them may seem beneficial to my estate, and the proceeds of the sale of such house, lands and appurtenances shall become a further part of the corpus of the Trust estate set up under paragraph Eleventh of this my will, to be treated so long as such Trust may continue, and to be disposed of, in accord with any provisions of this my will affecting such Trust fund and my residuary estate.”
The executors and trustees named in the will now seek a construction of the provision above quoted. The son therein mentioned, Morton P. Halstead, has survived the testatrix and *834 he contends that by virtue of this provision a “ determinable fee ” exists with respect to the property mentioned which will become absolute should he fail to exercise the election in writing provided for therein. On the other hand, the remainderman of the trust corpus aforesaid, Columbia University, argues that the provision in question establishes at most a life estate, which estate may be shortened, at the son’s election, by the execution of the written notice provided for in said subdivision (b); that if the election is exercised, the proceeds of the sale of the realty becomes part of the corpus of the trust of the residuary estate; if not exercised, then upon the son’s death, the realty passes as part of the residuary estate.
It is also the son’s contention that should the testamentary disposition of said realty be held to amount to but a life estate, then intestacy results with respect to the devolution of the fee since no specific provision is made therefor; that in such event the son, as sole distributee of testatrix, becomes the fee owner.
In determining the problem presented, it is important to ascertain from the language of the will, so far as practicable, the testamentary intent. Did the testatrix desire to vest title to the property in her son or to leave him only the right of use and occupancy thereof for such time as he might choose, but no longer than his life? Was it her intent that said property, or the proceeds of sale of said property, as the case might be, pass eventually to Columbia University, as was provided with respect to her residuary estate? Of significance is the fact that in another part of her will, where a devise of an absolute fee was intended, she so stated in unmistakable language (art. Tenth, subd. [a]). Her failure to similarly provide with respect to the Huntington Bay Village property weighs heavily in support of a finding that no more than a life estate was intended.
Consider also the specific language of subdivision (b). If the son predeceased the testatrix, the intent was clearly expressed that the property become a part of the residuary estate. However, if the son survived, then the manifest intent was not that he become the fee owner but that he ‘ ‘ may occupy and have the use of said premises * * * so long as he shall so choose.” Obviously, the power to choose terminates with the son’s death, and it must follow that his estate or interest in the property cannot exceed his lifetime. The provision for the giving of written notice merely sets up a method of limiting the right of use and occupancy to a period less than the life span, at the son’s discretion. The language employed in noway can be construed to enlarge the son’s rights in the property *835 beyond a life estate or to create a qualified fee which the son, merely by inaction, can turn into a fee absolute.
I am constrained to hold that the provision in question creates a life estate for the benefit of the son of testatrix subject to sooner termination if he so elects in writing during his lifetime.
The remaining question to be determined is whether or not intestacy results as to the remainder interest in said property. The presumption against intestacy is a strong one where a will purports to make full disposition of testator’s property and this is particularly true where such disposition is made by way of a general residuary clause. In the instant case, article Eleventh refers to ‘ ‘ all the rest, residue and remainder of my estate, real, personal or mixed, of whatsoever kind, nature and description, and wherever the same may be situated, of which I may die seized and possessed and to which I may be entitled and in any manner interested at the time of my decease. ’ ’ Such all-embracing language must be deemed to encompass all that ‘ ‘ may fall into the residue, whether by lapse, invalid dispositions or other accident ” (Riker v. Cornwell, 113 N. Y. 115, 127).
As has been stated, the general testamentary plan indicates an intent that the property shall ultimately become a part of the residuary estate. Only while the son is living is the ultimate devise held in abeyance. If he had predeceased testatrix, the property would have passed immediately. Having survived her, the property passes to the residuary estate only upon his death or sooner if he so chooses. There is nothing inconsistent, as suggested by the son, between the provisions for disposition where the son predeceases the testatrix and where he survives her. Provision was made for disposition in the event of either contingency. It is from the language of both provisions that the intent to name the remainderman as ultimate devisee of the fee becomes clear.
I therefore resolve the question presented as follows:
Upon the death of Morton P. Halstead, son of testatrix, or upon his written election to sooner terminate his life estate, the property at Huntington Bay Village, or the proceeds from the sale thereof, pass to the residuary estate or become a part of the trust corpus, as the case may be, to be disposed of pursuant to the provisions of article Eleventh of the will.
Submit decree accordingly on notice.