Lewis W. Olliffe,
Justice of the Supreme Court and Acting Surrogate.* The testator herein died in 1959 leaving surviving his widow and three children. His will, which was probated, gives one half of his net estate to his widow and one half to the Martin Foundation, Inc., a charitable corporation. He nominated as his executors his widow, his daughter, Jane Martin Ginsburg, her husband, Arnold L. Ginsburg and former Judge Jonah J. Goldstein, all four of whom qualified and are still acting as such executors. The estate is valued at several million dollars.
Differences of opinion arose during the course of the administration of the estate between the widow-executrix, hereinafter referred to as petitioner, on the one hand and her three coexecutors, hereinafter referred to as respondents, on the other. The petitioner thereupon instituted this proceeding pursuant to section 228 of the Surrogate’s Court Act for directions of the court respecting the custody of money, securities, books, papers, records and other property of the estate. Answers have been filed to the petition by the respondents and the Martin Foundation, Inc.; affidavits in support of the petition and in opposition thereto have been filed and the attorneys for the parties have argued their respective positions.
The petitioner herein has instituted a proceeding for multiple relief against the respondents to compel them, among other things, to account, for their removal as executors and for a partial distribution to her as legatee. This proceeding is pending and undetermined.
It appears that the moneys of the estate are deposited in banks in the names of the four executors but the signatures of all four are not required for withdrawals; that the securities or most of them are held in custody accounts by trust companies or by a corporation wholly owned by testator and the books and records of the estate are in an office maintained by the estate. The respondents state that the records, books, bank accounts and securities are available to the inspection of the petitioner at all reasonable times but not to be placed in the sole possession of petitioner but the latter asserts that she had been denied access to them.
*273 Until differences of opinion arose between petitioner and respondents meetings of the executors were held for discussion of affairs of the estate, which were attended by petitioner until February 2, 1961, when she refused to attend a meeting called by the respondents and so notified the respondents in writing. She requested the sale of a block of stock in a corporation to a named corporation at a stated price but respondents sold such stock to another but for the same price.
Testator’s will contains no provisions or directions for the guidance of the executors as to whether a vote of two or more is required for action by them, wherefore, the usual rule applies that they may act independently and separately (Geyer v. Snyder, 140 N. Y. 394; Pearse v. National Lead Co., 162 App. Div. 766; Barry v. Lambert, 98 N. Y. 300).
The executors are charged with the utmost and sincere good faith in dealing with the estate and the property of others and are held to an extremely high standard of conduct. Their loyalty to the estate must be of the highest and their actions must be above suspicion or reproach (Matter of Wax, 149 Misc. 851, 853; Meinhard v. Salmon, 249 N. Y. 458; Matter of Grube, 160 Misc. 718). The execution of their duties and obligations is subject to the stringent application of diligence and good faith, and their actions must be for the best interests of the estate and those beneficially interested therein and will be judged in that light.
The responsibility for the due and proper administration of the estate is solely that of the executors. The court is not a coexecutor and will not interfere in the administration of the estate or give advice and directions to the executors except in unusual circumstances. The executors must apply sound business judgment in all their actions (Matter of Ebbets, 139 Misc. 250; Matter of Pulitzer, 139 Misc. 575).
While the court may not control the actions of the executors in the administration of the estate the situation disclosed by the record calls for some observations and remarks by it. During the course of one of the arguments of counsel in the matter the court admonished the executors that no important decision in the affairs of the estate should be made without due notice to the petitioner with full opportunity to be heard and join in the discussion and due consideration accorded to her views. Apparently, the respondents have conformed to that admonition.
The petitioner should be apprised of the meetings of the executors, be given notice of the matters to be considered at such meetings, be permitted to join in the discussions and due *274 considerations should be given to her opinions and suggestions. She should have a voice in the decisions made. The respondents should bear in mind, at all times, the beneficial interest of the petitioner in the estate.
The application is granted to the extent that the respondents will be required to make available to petitioner for inspection at all reasonable times records of the estate bank accounts, securities and books and records of the estate generally as well as the corporate records, in their possession or control, of corporations fully or substantially owned by testator. At such times she may be accompanied by her counsel or accountant. Due notice of meetings of the executors should be given to the petitioner detailing matters to be discussed and she should be given full opportunity to make known her views on all such matters. If there is violation of these directions and instructions appropriate application may be made in this proceeding for further directions and instructions of the court.

 Pursuant to Surrogate’s Ct. Act, §§ 10, 11; 13 A D 2d 497.— [Rep.