John J. McCall, S.
The present proceeding is one for the construction of the last will and testament of Carrie M. Perkins, deceased, particularly as it affects the title to certain real property consisting of a certain two-family house known as 1518 Sixth Avenue in the City of Watervliet, New York. The will in question was duly admitted to probate in this court on November 26, 1951.
The pertinent provisions of the will are as follows:
6 ‘ Second: I give, devise and bequeath to my daughter, Helen P. Disch, all my property, real and personal and wheresoever situated.
‘ ‘ Third: It is my wish and desire that my husband, Edwin P. Perkins, and my daughter, Grace E. Perkins shall have the use of such portion of my house known by street number as 1518 Sixth Avenue, Watervliet, New York, as they, or either of them may desire during the periods of their respective lives. This provision is not made for the purpose of limiting the right and power of my daughter, Helen P. Disch, to dispose of the property if she so desires but is intended as limitation upon the devise and a charge upon the real property in the event of the death of my daughter, Helen P. Disch, during the lifetime of my husband, Edwin E. Perkins, or my daughter, G-race E. Perkins, whichever of them shall live the longer. It is further my belief and conviction that this provision of my will expresses the wishes and desires of my daughter, Helen P. Disch which have so frequently manifested themselves. ’ ’
Apparently, after the death of Carrie Perkins in 1950, G-race Perkins, the daughter and Edwin, the husband occupied the lower half of the premises until Edwin’s death in 1956. Grace continued to occupy the lower half until December, 1965 until she was committed to the Hudson River State Hospital. The lower flat then became vacant. The upper flat has always been rented save for a period between January and July, 1967. Early in 1967, the petitioner herein entered into a contract of sale for the premises but the vendee therein has been refused financing on the ground that someone other than the petitioner vendor has an interest in the premises. The specific objection is that under the will of Carrie Perkins, Grace Perkins has a life estate in the promises. Petitioner is much less than legally precise in phrasing the construction she desires. She states that the true meaning and construction of article Third is that Grace E. Perkins has an interest in said premises, and her interest in order *836 to make title to the subject premises marketable will have to be disposed of or provided for. In a supplemental affidavit she stated this court should decide that the proceeds from the sale of the above premises shall be burdened with a charge relative to Grace E. Perkins’ use, that said charge be limited to a life estate or life use of the lower one-half portion of the premises. She seems to be satisfied with the proposition that Grace has a life estate or use, yet wants the court to convert the same to cash and so dispose of the obstacle to complete fee title in her.
This court has the power to determine the nature of the estate here by virtue of the construction of the will. This court cannot rely on the will in ordering disposition of this interest in any way. Any direction of that kind must come from the exercise of another power the court may have.
The guardian ad litem for the incompetent Grace Perkins contends that said Grace Perkins has a life estate in the entire premises. That point is well taken. It has long and frequently been held in this jurisdiction that bequests of the life use of property are equivalent to a bequest of the property itself for life (Matter of Gaffers, 254 App. Div. 448; Matter of Missett, 136 N. Y. S. 2d 923; Matter of Sisk, 197 Misc. 1086; Matter of Halstead, 6 Misc 2d 832). From a reading of the whole paragraph there emerges a predominant intention of the testatrix to make this property available either to daughter or husband as long as either or both of them were alive. Her statement that she does not make the provision to limit the power of the daughter to dispose can be held to be in explanation of why she imposed the limitation of a life estate rather than negating the existence of that life estate. She expressly states that the legal representatives of the fee holder, if she should predecease husband and daughter, are intended to be bound by the limitations. She does not in so many words bind the fee holder, yet her expression of confidence in the fee holder’s desire to adhere to her wishes as the word appears in the last sentence of the paragraph indicates she felt no need to remind the fee holder of her desires in this respect. There may arise some conflicts in the language used but as stated heretofore the overall picture is that a life estate was intended to be and was in fact created in the entire property.
Having reached the conclusion that Grace Perkins has a life estate here and Helen Disch a remainder fee interest, the question now arises whether the court can order a sale of the property and disposition of the proceeds to each of the interested parties as her interest may appear. The circumstances under which the Surrogate may order the disposition of the real prop *837 erty of a decedent are found in section 1902 SOPA, the successor statute to section 234 of the Surrogate’s Court Act. It appears immediately from this record that only subdivision 7 of the section, if any at all, can have application here. It is an omnibus clause reading, “ For any other purpose the court deems necessary.” By its very terms the power is discretionary and, hence, good reason must appear for the sale. To justify a sale, some estate purpose must be served, the action must serve to carry out the provisions of the will or be of benefit to those interested in the estate. There is a dearth, if not a total absence, of reported cases dealing with the subject and the court delving into it must have a pioneer attitude. In the matter at hand it would seem that either of the parties could apply to the Supreme Court under provisions of section 1602 of the Beal Property Actions and Proceedings Law for the same relief that is sought here. Considering the fact that the parties are here, having properly invoked the jurisdiction of the court in the construction proceeding, that both parties derived their interest in the property from a decedent of whose affairs and estate this court had jurisdiction, and that all provisions of a will probated here can be given full and broad effect by a decree here, the court determined this case to be a proper one for the consideration under the afore-mentioned subdivision 7 of section 1902 of SOPA, the court directs that a further hearing on the matter be held for the purpose of ascertaining the value of the property and those facts that may tend to show the propriety of the issuance of an order of sale.