John D. Bennett, S.
This is a petition to authorize the administrator and direct the sale of real property under terms and conditions set forth in a contract of sale which is annexed to the papers submitted.
EPTL 11-1.1 gives administrators broad powers and accordingly proceedings under SCPA 1901 for the sale of real property or SCPA 2107 for advice and direction should be exercised only in extraordinary situations (Matter of Tannenbaum, 20 A D 2d 808, affd. 15 N Y 2d 829; Matter of Ebbets, 139 Misc. 250).
The question here deals with one of business judgment and not law. Because of the litigation involving the infants in the within estate, the court can appreciate the administrator being cautious in selling the real property. However, since the statute provides the administrator with the authority to sell the real property, he should make the business judgment and utilize the powers afforded to him. In cases such as these, petitioning for said relief and being denied same on the grounds set forth herein may be enough of a protection of a fiduciary (see McKinney’s Cons. Laws of N. Y., Book 58A, SCPA 1901, 1973-1974 Supp., p. 31, Supplementary Practice Commentary by Paul Powers, Jr.).
*731 If courts encourage the use of proceedings under SOPA articles 19 and 21 concerning the sale of real property and said sections were used other than in extraordinary situations, this may have a tendency to unduly create in the minds of some a limitation of the powers afforded to fiduciaries under EPTL 11-1.1 and place unnecessary clouds on title.
Accordingly, the petition is denied.