■ In the Matter of ILENE L. FLAUM et al., Individually and as Coexecutrices and Cotrustees of BERNARD P. BIRNBAUM, Deceased. ILENE L. FLAUM et al., as Temporary Coadministrators and Trustees of the Estate of BERNARD P. BIRNBAUM, Deceased, Appellants, v SAUL I. BIRNBAUM, Individually and as Coexecutor and Cotrustee of BERNARD P. BIRNBAUM, Deceased, Respondent. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed with costs to peti-

tioners, in accordance with the following memorandum: The fiduciaries of the estate of Bernard P. Birnbaum (the Estate) appeal from separate orders of the Monroe County Surrogate which granted the application of Saul Birnbaum to force the Estate to sell its 50% cotenancy interest in Queensbury Plaza to TBP Realty, Inc., a buyer obtained by Saul, and denied the Estate's application for court approval of four leases entered into by the court-appointed receiver of the plaza on behalf of the co-owners, Saul and the Estate. The Estate contends that the Surrogate either acted without authority or abused his discretion in compelling the Estate to sell its interest in Queensbury Plaza. The Estate also contends that the Surrogate abused his discretion in failing to approve the new leases negotiated by the receiver.

We conclude that the Surrogate erred in compelling the Estate, over the objections of the fiduciaries, to sell its cotenancy interest in the plaza. EPTL 11-1.1 (b) (5) (B) provides, in pertinent part, that in the absence of a contrary or limiting provision in a will or court order, every fiduciary is authorized to sell the estate's property "on such terms as in the opinion of the fiduciary will be most advantageous to those interested therein". With respect to the Surrogate's power to order such sale over the objection of the fiduciary, SCPA 1901 and 1902 provide, in pertinent part, that "[t]he court may authorize or direct the disposition of a decedent's real property or any interest therein" (SCPA 1901 [1]) for any of several specifically enumerated purposes, none of which is applicable to this case, or "[f]or any other purpose the court deems necessary" (SCPA 1902 [7]).

The Surrogate's statutory power to order the sale of estate assets over the fiduciary's objection must be strictly construed, and should not be exercised absent extraordinary circumstances (*Matter of Osterndorf,* 75 Misc 2d 730, citing *Matter of Tannenbaum,* 20 AD2d 808, *affd* 15 NY2d 829). Such relief should be granted by the court only upon a showing that such disposition will carry out the provisions of the will or inure to the benefit of the estate or the beneficiaries (*Matter of Perkins,* 55 Misc 2d 834, 837; *see also, Matter of Bolton,* 79 Misc 2d 895, 901-902). In the absence of such showing, and particularly where the decision involves the fiduciary's business judgment, the Surrogate generally should not usurp the fiduciary's powers (EPTL 11-1.1; *see, Matter of Osterndorf, supra).* If the courts make a practice of refusing to defer to the business judgment and powers of the fiduciary, that might have a "tendency to unduly create in the minds of some a limitation

of the powers afforded to fiduciaries under EPTL 11-1.1 and place unnecessary clouds on title" *(Matter of Osterndorf, supra,* at 731).

The Surrogate's order compelling the sale of the property over the fiduciaries' objections cannot be sustained under the catchall provision of SCPA 1902 (7) because the sale was not "necessary" to accomplish any benefit to the Estate. The fiduciaries have raised valid and serious objections to certain aspects of the sale agreement negotiated by Saul, viz., concerns about the adequacy of TBP's purchase offer and about potentially adverse tax consequences to the Estate. In these circumstances, it was inappropriate for the Surrogate to substitute his judgment for the business judgment of the fiduciaries and to order the Estate to sell its interest in the property.

With respect to the second area of disagreement between the parties, we conclude that the court did not abuse its discretion in refusing to approve the leases negotiated by the court-appointed receiver, particularly in view of the fact that the proposed leases commit the owners to make substantial capital improvements upon the property. (Appeal from order of Monroe County Surrogate's Court, Ciaccio, S.—court approval of sale.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.