■ In the Matter of JANICE S. BIRNBAUM, Petitioner, and ILENE L. FLAUM et al., as Coadministrators, C.T.A. and as Cotrustees of the Estate of BERNARD P. BIRNBAUM, Deceased, Appellants-Respondents, v SAUL I. BIRNBAUM, Respondent-Appellant. In the Matter of ILENE L. FLAUM, Appellant-Respondent, v SAUL I. BIRNBAUM, Respondent-Appellant, et al., Respondent.—Order and judgment unanimously affirmed with costs to petitioners Flaum and Central Trust Company. Memorandum: Petitioners, as temporary coadministrators of the Estate of Bernard P. Birnbaum (the Estate), appeal from that portion of an order and decision of the Surrogate that awarded the Estate a 25% interest in two partnerships and directed a dissolution of those partnerships and liquidation of the Estate's interest therein. The Estate contends that the Surrogate erred in applying partnership principles to this constructive trust proceeding by limiting the value of the partnership interests that the Estate is entitled to recover, and that the court improperly usurped the authority of the coadministrators in directing liquidation of the Estate's interests in the partnerships.

Respondent Saul Birnbaum cross-appeals from so much of the same order as awarded the Estate a money judgment in the amount of $329,207.22 plus interest. He contends that a money judgment should not have been summarily awarded to

the Estate because there are questions of fact with respect to the issues of timeliness, ratification, and determination of partnership profits.

Addressing the Estate's first contention, we conclude, as we did in a previous appeal between these parties on precisely analogous facts *(see, Matter of Birnbaum v Birnbaum,* 157 AD2d 177, 185-188), that the valuation formula set out by the Surrogate is proper irrespective of whether the case is decided under partnership principles or principles of constructive trust. Under Partnership Law § 73, when a partner dies and the partnership is continued without settlement of accounts between the estate and the surviving partners, the estate: " '[M]ay have the value of [the decedent's] interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at [the estate's] option * * * in lieu of interest, *the profits attributable to the use of his right in the property of the dissolved partnership". (Matter of Birnbaum v Birnbaum, supra,* at 187.)

As we made clear in our prior decision, the term "profits" is employed in its broadest sense to include accretions or accumulations in the decedent's share of the capital of the partnership, i.e., the appreciation in value of the decedent's partnership interest *(Matter of Birnbaum v Birnbaum, supra).* Thus, in these circumstances, the estate of the deceased partner is entitled to receive the value of the decedent's interest as determined as of the date of dissolution (death) or the date of judgment, at the estate's election *(Matter of Birnbaum v Birnbaum, supra).* Therefore, if the Estate so chooses, it is entitled to the present appreciated value of its 25% interests in the partnerships. In that connection, we conclude that, contrary to respondent's argument, it makes no difference that one of the partnerships was a corporation at the time of Bernard's death. Bernard's 25% interest in the defunct corporation is easily traceable to a 25% interest in the present partnership, and the Estate thus stands in the same position as it would if it were the successor in interest to a deceased partner.

Addressing the Estate's second contention, we conclude that the Surrogate properly directed liquidation of the Estate's interests in the partnerships. The Estate argues that the Surrogate usurped the authority of the coadministrators to exercise their independent fiduciary judgment with respect to disposition of Estate assets, and relies on our recent decision in *Flaum v Birnbaum* (168 AD2d 933). In *Flaum,* we con-

cluded that the Surrogate erred in compelling the Estate, over the objections of the fiduciaries, to sell its cotenancy interest in a shopping plaza. We find *Flaum* distinguishable. Unlike *Flaum,* this case does not concern restrictions on the Surrogate's power to order the sale of real property *(see,* SCPA 1901, 1902). Further, there is a substantial distinction between the cotenancy interest in *Flaum* and the partnership interest here. Upon succeeding to an interest in specific real property in *Flaum,* the Estate, as cotenant, was entitled to a voice in the management of that property. In contrast, as we held in *Matter of Birnbaum v Birnbaum (supra),* the estate of a deceased partner has no interest in specific partnership property and no voice in the continuation or winding up of partnership affairs by the surviving partners. The Estate's only right is to demand an accounting from the surviving partners upon completion of the winding up of partnership affairs *(Matter of Birnbaum v Birnbaum, supra,* at 186). Thus, in ordering liquidation of the Estate's interests in the partnerships, the Surrogate granted the Estate everything to which it is entitled.

We have examined respondent's contentions on his cross appeal, and we conclude that they are without merit. A money judgment was properly awarded to the Estate in the amount determined by the Surrogate *(see, Birnbaum v Birnbaum,* 73 NY2d 461, *modfg* 139 AD2d 462; *Matter of Birnbaum v Birnbaum, supra,* at 188-190). (Appeals from Order and Judgment of Monroe County Surrogate's Court, Ciaccio, S. —Summary Judgment.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.