■ Murray Breidbart et al., Appellants, v Melvin Wiesenthal et al., Defendants, and Samuel Goldstein et al., Respondents. [781 NYS2d 123]—

In an action, inter alia, to compel partnership accountings and a distribution of partnership assets, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Ruchelsman, J.), dated November 21, 2002, which granted the motion of certain defendants for summary judgment dismissing the complaint insofar as asserted against them, (2) a judgment of the same court dated January 7, 2003, which, upon the order, dismissed the complaint insofar as asserted against those defendants, and (3) an order of the same court dated February 21, 2003, which denied their motion for leave to reargue. The plaintiffs' notice of appeal from the order dated November 21, 2002, is deemed to also be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order dated November 21, 2002, is dismissed; and it is further,

Ordered that the appeal from the order dated February 21, 2003, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the cause of action to compel partnership accountings and a distribution of partnership assets; as so modified, the judgment is affirmed, that branch of the motion which was for summary judgment dismissing the cause of action to compel partnership accountings and a distribution of partnership assets is denied, that cause of action is reinstated and severed, and the order dated November 21, 2002, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order dated November 21, 2002, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiffs were remaindermen of a trust under the will of Isidore Breidbart (hereinafter Breidbart), who died in 1963. Breidbart and Samuel Goldstein had, from the 1920's through the 1940's, invested together in commercial real estate. Each of five parcels of real estate that they purchased was held by a separate corporation. Breidbart's testamentary trust (hereinafter the Trust), was funded initially by his half share of each of these five corporations. Goldstein's shares were held by the Brooklawn Associates, a copartnership of Goldstein's son, Sid Goldstein, and his daughter, Hannah Sherman. In 1986, the five corporations were dissolved and title to the five parcels they had owned were deeded to five newly formed partnerships for tax purposes. A copartnership was formed between the Trust and Brooklawn Associates, with each entity owning 50% of each of the five partnerships in exchange for its 50% share of each of the corporations.

The Trust terminated in April 2000 with the death of Breidbart's daughter, Ruth Levine. The final accounting directed, inter alia, the distribution of the Trust corpus to the remaindermen in the form of assignments of their proportionate interests in the Trust's real estate partnerships. According to the respondents, the remaindermen are assignees of partnership interests, entitled only to share in the profits of the partnerships.

The plaintiffs commenced this action seeking to establish ownership rights to their allocated shares of the five parcels of real property at issue. They contended, inter alia, that the trustees did not have the authority to exchange corporate shares for partnership interests because, by so doing, they stripped the Trust and the remaindermen of the value of their ownership interests. They also sought equitable relief based on the allegation that the respondents had denied them the "incidences of ownership and prevented them from alienating their interest in the properties."

The respondents moved for summary judgment. They characterized the complaint, inter alia, as a shareholder's derivative suit, contending that the plaintiffs' right to challenge the trustees' 1986 exchange of corporate shares for partnership interests was time-barred or, in the alternative, that it had been waived.

The Supreme Court concurred with the respondents' contentions and dismissed the complaint insofar as asserted against them, holding that the trustees had the authority to make the exchanges and, in any event, that attempts to challenge the conversions were now time-barred.

The plaintiffs also claimed that they were denied their right

to an accounting and prevented from "alienating their ownership interests." The instant case is not a situation in which a trust was an assignee of partnership interests. Here, the Trust itself was a partner. Accordingly, the termination of the Trust amounted to the death or retirement of a partner, and thus served to dissolve the partnerships by operation of law (*see* Partnership Law § 62 [4]; §§ 60, 73). Since there was no partnership agreement, the Partnership Law provides that the retiring partner or the deceased partner's legal representative shall receive, as an ordinary creditor, an amount equal to the value of its interest in the dissolved partnership with interest or, in lieu of interest, the profits attributable to the use of its right in the property of the dissolved partnership (*see* Partnership Law § 73; *Ronan v Valley Stream Realty Co.,* 249 AD2d 288 [1998]; *Matter of Birnbaum v Birnbaum,* 171 AD2d 1074 [1991]; *Dreher v Levy,* 67 AD2d 438 [1979]). The departing trustee who succeeded the original trustees may have called his distributions "assignments," but that did not alter the nature of the interests they conveyed or the entitlements attached thereto.

Accordingly, the cause of action to compel partnership accountings and a distribution of partnership assets should not have been dismissed.

The plaintiffs' remaining contentions either are without merit or need not be considered in light of our determination. Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.